UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCIDENT FUND INSURANCE COMPANY OF AMERICA<br><br> *Plaintiff*,<br><br>v.<br><br>NATHAN F. HARDY, FRATELLO CONSTRUCTION CORP., DANIEL EDWARD GARRETT, and AAA CARTING & RUBBISH REMOVAL INC.<br><br> *Defendants*, | Civil Action No.: 1:23-cv-1980 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Accident Fund Insurance Company of America ("Accident Fund") sues Nathan F. Hardy, Fratello Construction Corp., Daniel Edward Garrett, and AAA Carting & Rubbish Removal Inc. and seeks a declaratory judgment under 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, to determine and resolve an actual controversy between the parties.

I.
NATURE OF THE CASE

1. Accident Fund seeks a declaratory judgment to determine the rights and obligations of the parties to commercial insurance policy No. CA-WINS-1007-21 issued by Accident Fund to AAA Carting & Rubbish Removal Inc. ("AAA") with effective dates of January 18, 2021, to January 18, 2022 ("Policy").

2. An actual and justiciable controversy exists about whether coverage is afforded to AAA

and Daniel Edward Garrett ("Garrett") under the terms, conditions, provisions, limitations, and exclusions of the Policy for the claims and alleged damages asserted by Plaintiff Nathan F. Hardy ("Hardy") and Third-Party Plaintiff Fratello Construction Corp. ("Fratello") in the case styled *Nathan F. Hardy v. Fratello Construction Corp. and Daniel Edward Garrett;* Cause No. 817660/2021E, pending in the Supreme Court of the State of New York, County of Bronx ("Underlying Lawsuit").

## II.
## PARTIES

3. Accident Fund is a citizen of Michigan, with the principal place of business at 200 N. Grand Avenue, Lansing, Michigan 48901.

4. AAA Carting & Rubbish Removal Inc. is a New York corporation organized under the laws of the State of New York, with the principal executive office address at 480 Furnace Dock Rd., Cortlandt Manor, New York 10567.

5. Fratello Construction Corp. is a New York corporation organized under the laws of the State of New York, with the principal executive office address at 134 Milbar Blvd., Farmingdale, New York 11735.

6. Daniel Edward Garrett is a resident of New York, who may be served at his last known address at 2 Morris Avenue Apt. 301, Cold Springs, New York 10516, or wherever he may be found.

7. Nathan F. Hardy is a resident of New York who may be served at his last known address at 217 W. 127th Street Apt. 12E, New York, New York, 10027, or wherever he may be found.

## III.
## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because there is a diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

9. Under 28 U.S.C. §1391(b)(1), the venue is proper in the United States District Court for the Southern District of New York because AAA has its principal place of business in Westchester County, New York, which is within this District, and all Defendants are residents of the State of New York.

## IV.
## FACTUAL ALLEGATIONS AND CLAIMS IN THE UNDERLYING LAWSUIT

10. Fratello and Garrett are defendants named in the Underlying Lawsuit, and according to Hardy's Original Complaint,

> … at all times herein mentioned, defendant Fratello was a registered owner… and defendant Daniel Edward Garrett was the operator of a certain truck bearing registration number 36883SC, New York. Upon information and belief, the defendant, Daniel Edward Garrett, was operating the aforementioned truck of the defendant Fratello in the course of his employment with and within the scope of his authority as an employee of the defendant Fratello… Plaintiff Nathan F. Hardy was the operator of a certain motor vehicle bearing registration number HZN2595, New York. On February 8, 2021, the defendants' aforesaid truck came into contact with and struck the plaintiff's vehicle on Bruckner Boulevard, in the County of Bronx, City and State of New York.

A copy of Hardy's Original Complaint in the Underlying Lawsuit is attached as **Exhibit 1**, see p. 1-2. Hardy asserts negligence against Garrett and Fratello.

11. Fratello filed a Third-Party Complaint against AAA in the Underlying Lawsuit, and according to Fratello's Third-Party Complaint,

> …defendant/third-party plaintiff Fratello was the owner of a motor vehicle bearing New York State Registration Number 36883SC… the aforesaid motor vehicle was being operated by defendant Daniel Edward Garrett with the permission and

consent of its owner. At all times hereinafter mentioned, defendant Garrett was an employee of AAA Carting… That at the time of the subject accident on February 8, 2021, Garrett was operating the Fratello vehicle in the course of his employment with AAA Carting… Fratello did not direct, control, or supervise AAA Carting or its employee's use of the subject vehicle.

A copy of Fratello's Third-Party Complaint in the Underlying Lawsuit is attached as **Exhibit 2**, see p. 2-3.

12. Hardy and Fratello allege that Garrett was operating a certain truck bearing registration number 36883SC, New York. However, they do not identify the vehicle by VIN nor allege that it was a bulldozer. At the time of the accident, Garrett was operating a bulldozer (VIN A51470) ("Truck"), which was not a covered auto under the Policy.

13. Accident Fund is currently defending AAA and Garrett under a reservation of rights but now elects to seek a Declaratory Judgment.

## V.
## THE POLICY

14. A certified copy of the Policy Accident Fund issued to AAA (with premium information redacted) is attached as **Exhibit 3.** All provisions of the Policy are adopted and incorporated herein by reference.

15. The Policy obligates Accident Fund to "pay all sums an 'insured' legally must pay as damages…caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." The Policy also states that Accident Fund has "… no duty to defend any 'insured' against a 'suit' … to which this insurance does not apply." See provisions below and Exhibit 3 p. 121.

*Section II – Covered Autos Liability*

A. Coverage

> *We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".*
>
> *\*\*\**
>
> *We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.*

16.     The Policy provides coverage for "specifically described autos" described in Item Three of the Declarations for which a premium charge is shown. See provisions below and *Id*. at p. 8 and 120.

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | 7 | $ 1,000,000 CSL | $ |

*\*\*\**

| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|

17.     At the time of the accident, the Truck was not described in Item Three of the Declarations and, therefore, was not a scheduled auto under the Policy. See *Id*. at p. 10-112. The Truck was also not a temporary substitute or an after-acquired "auto" as defined by the Policy. See *Id*. at p. 121. Therefore, the Policy does not provide coverage for the accident because the Truck was not a covered auto.

18.     Additionally, the Policy provides coverage only if the accident results from the ownership, maintenance or use of a covered "auto," and "auto" does not include "mobile equipment." The Truck was a bulldozer that falls within the definition of "mobile equipment." See

below and *Id.* at p. 129-131. Therefore, the Policy may also not provide coverage for the accident because the Truck was "mobile equipment," not an "auto."

*SECTION V – DEFINITIONS*

\*\*\*

*B. "Auto" means:*

*1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads…*

\*\*\*

*However, "auto" does not include "mobile equipment".*

\*\*\*

*K. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:*

*1. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads…*

\*\*\*

*However, "mobile equipment" does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".*

## VI.
## DECLARATORY RELIEF

19. Plaintiff, Accident Fund incorporates by reference paragraphs 1-18 of this Complaint as if set forth fully herein.

20. An actual controversy exists between Accident Fund, Defendants AAA and Garrett, Defendant Hardy, the Plaintiff in the Underlying Lawsuit, and Defendant Fratello, Third-Party Plaintiff in the Underlying Lawsuit, regarding whether the Policy affords coverage for the claims and alleged damages asserted by Hardy and/or Fratello in the Underlying Lawsuit.

21. Based upon the preceding facts and language of the Policy, Accident Fund contends that

it has no duty to defend or indemnify AAA or Garrett from Hardy and/or Fratello's claims in the Underlying Lawsuit because the Truck was not a covered auto under the Policy.

22. Thus, a justiciable controversy presently exists between the parties, and under 28 U.S.C. §§ 2201(a), this Honorable Court may and should declare the rights of the parties regarding this controversy.

## VII.
## RESERVATION REGARDING AMENDMENT

23. There may be other coverage defenses that may be revealed during discovery in this action. Accordingly, Accident Fund pleads all other conditions, terms, limits, definitions, and exclusions of the Policy, which also may be found to apply as Accident Fund's investigation of this claim continues. Accident Fund reserves the right to amend its Complaint for Declaratory Judgment as additional or more specific information becomes available.

## VIII.
## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Accident Fund respectfully requests this Court assume jurisdiction over this cause and enter a declaratory judgment for Plaintiff and against Defendants:

(a) That Defendants be cited to appear and answer;

(b) That Accident Fund has no obligation under the Policy to defend AAA and Garrett in the Underlying Lawsuit;

(c) That Accident Fund has no obligation under the Policy to indemnify Defendants AAA and Garrett in the Underlying Lawsuit;

(d) This Court grant such further relief as equity, and the justice of this cause may require and permit.

Dated: New York, New York
       March 8, 2023

Respectfully submitted,

**FLEISCHNER POTASH LLP**

By: */s/* Eric R. Leibowitz
     Eric R. Leibowitz (EL – 5488)
     eleibowitz@fp.law
45 Broadway, 23rd Floor
New York, New York 10006
Telephone:    646/520-4200

AND

**THE WOODALL LAW FIRM, PLLC**

By: */s/* J. Daniel Woodall
     J. Daniel Woodall *(Pro Hac Vice forthcoming)*
     TX Bar No. 24008300
     dan@woodalllawfirm.com
1725 Hughes Landing Boulevard, Suite 1250
The Woodlands, Texas 77380
Telephone:    281/892-1040
Facsimile:    281/305-3892
*Attorneys for Plaintiff Accident Fund*
*Insurance Company of North America*